## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

CURTIS LEON TAYLOR, SR.,

      Petitioner,

v.                                                                  Civil Action No.  3:08cv306

GEORGE M. HINKLE,

      Respondent.

### MEMORANDUM OPINION

Petitioner, Curtis Leon Taylor, a Virginia state inmate proceeding *pro se*, brings this habeas petition pursuant to 28 U.S.C. § 2254. The parties have consented to jurisdiction under 28 U.S.C. § 636(c) and subject matter jurisdiction is proper pursuant 28 U.S.C. § 2254.

Petitioner contends that Respondent has not accurately calculated his sentence. Respondent filed a motion to dismiss and *Roseboro*[1] notice. Respondent contends that Petitioner's claims are procedurally defaulted, barred by the statute of limitations, and lack merit. The matter is ripe for adjudication.

### I.  Procedural History

In 2002, the Circuit Court for the City of Danville convicted Petitioner of unlawful wounding, felonious escape, and impeding a police officer. (Respt.'s Mem. Supp. Mot. Dismiss ("Respt.'s Mem.") Ex. III ("Brown Aff.") ¶ 6 & Enc. A.) The Circuit Court sentenced Petitioner to an active term of imprisonment of 15 months for the above crimes.[2] (Brown Aff. ¶ 6.)

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[2] Although the Circuit Court sentenced Petitioner to a total of 6 years 12 months for the above crimes, it suspended all but 15 months of that sentence. (Brown Aff. ¶ 6.)

On January 23, 2003, the Circuit Court revoked a previously suspended sentence for forgery from 1996 and sentenced Petitioner to 10 years of imprisonment (hereinafter the "forgery sentence"),[3] later corrected to 9 years and 10 months. (Brown Aff. ¶ 7.)

On April 15, 2003, the Virginia Department of Corrections ("VDOC") took possession of the Petitioner. (Brown Aff. ¶ 8.) On May 9, 2003, VDOC issued and Petitioner received a Legal Update,[4] which showed: Petitioner had a total sentence of 10 years and 15 months; Petitioner was entitled to 369 days of jail credit between December 19, 1996, and April 15, 2003, and Petitioner had an anticipated good time release date of December 14, 2011. (Respt.'s Mem. Ex. II.)[5]

On December 27, 2004, VDOC received a corrected court order from the Circuit Court with respect to Petitioner's forgery sentence. Pursuant to that order, VDOC amended Petitioner's sentence for forgery to 9 years and 10 months. (Respt.'s Mem. Ex. II.) On March 1, 2005, VDOC issued another Legal Update, which stated that Petitioner's total sentence was 9 years and 25 months with 366 days of jail credit. (Respt.'s Mem. Ex. II.) VDOC issued additional Legal Updates to Petitioner on June 29, 2005, and January 9, 2007. Both the June 29, 2005 and January 9, 2007 Legal Updates reflected that Petitioner's total sentence was 9 years and 25 months, and Petitioner was entitled to 366 days of jail credit. The June 29, 2005 Legal Update

---

[3] On October 29, 1996, for Petitioner's conviction of forgery, the Circuit Court sentenced Petitioner to 10 years, with 10 years suspended upon conditions of time served awaiting trial and Petitioner's good behavior for 20 years. (Brown Aff. ¶ 7.)

[4] Petitioner does not dispute that he received the Legal Updates on or about the date the Legal Updates were issued.

[5] Respondent's Exhibit II is not paginated.

2

reflected that Petitioner's anticipated good time release date was November 28, 2012. The

January 9, 2007 Legal Update indicated Petitioner's anticipated good time release date was

December 12, 2011.

On March 27, 2008, Petitioner filed a Petition for Writ of Mandamus in the Supreme

Court of Virginia wherein he asserted that his sentence had not been properly calculated.

(Respt.'s Mem. Ex. I.) On April 28, 2008, the Supreme Court of Virginia dismissed the petition

on the grounds that it was untimely.

## II.  Grounds for Federal Habeas Relief

On May 16, 2008, Petitioner executed this petition for writ of habeas corpus pursuant to

28 U.S.C. § 2254. Petitioner raises the following three claims:

Claim 1    Respondent denied Petitioner 319 days of jail credits owed from June 1,
           2001, to April 14, 2002, in violation of section 53.1-187 of the Code of
           Virginia. (Pet. 6.)

Claim 2    Respondent denied Petitioner 127 days of jail credits owed from June 26,
           1996, to October 29, 1996. (Pet. 7.)

Claim 3    Respondent denied Petitioner 18 months of good conduct credits. "On
           4/15/03 Petitioner was brought into the VDOC to serve the remaining
           balance of his 10 year sentence. The Court deemed the sentence to be 9
           years 10 months. I've not received 18 months good conduct credits in
           violation of 53.1-202.1 of the Code of VA." (Pet. 9.)

## III.  Analysis

**A.      Procedural Bar**

The Supreme Court of Virginia found that Petitioner's claims, which he presented by way

of a petition for a writ of mandamus, were untimely under section 8.01-644.1 of the Code of

Virginia. That statute provides: "A petition for extraordinary writ of mandamus, filed by or on

3

behalf of a person confined in a state correctional facility, shall be brought within one year after the cause of action accrues." Va. Code Ann. § 8.01-644.1 (West 2008).

Respondent contends that Petitioner's claims are procedurally defaulted. Procedural default is an affirmative defense. *Royal v. Taylor*, 188 F.3d 239, 247 (4th Cir. 1999). The doctrine of procedural default provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court is precluded from reviewing the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Respondent has the burden of demonstrating that the state rule in question is adequate and independent. "A state rule is 'adequate' if it is firmly established and regularly or consistently applied by the state court . . ., and 'independent' if it does not 'depend[ ] on a federal constitutional ruling.'" *Brown v. Lee*, 319 F.3d 162, 169 (4th Cir. 2003) (internal citations omitted, alteration in original) (*quoting Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)). With respect to the adequacy prong, "'[t]he question we must ask . . . is whether the particular procedural bar is applied consistently to cases that are *procedurally* analogous.'" *Id.* at 170 (alterations in original) (*quoting McCarver v. Lee*, 221 F.3d 583, 589 (4th Cir. 2000)). Respondent fails to provide any authority for the proposition that the Virginia courts consistently apply section 8.01-644.1 of the Code of Virginia to bar applications for writs of mandamus by inmates challenging the calculation of their sentences. Thus, Respondent has failed to carry his burden of

4

demonstrating that, in the present circumstances, section 8.01-644.1 of the Code of Virginia is an adequate procedural bar.

**B.      Time Bar**

All petitions under 28 U.S.C. § 2244 are subject to a one-year statute of limitations.

Specifically, 28 U.S.C. § 2244(d)(1) reads:

> (1)      A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is  removed, if the applicant was prevented from filing by such State action;
> >
> > (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The Court agrees with Respondent that the federal statute of limitations for Petitioner's claims commenced on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2244(d)(1)(D). The Legal Updates that Petitioner received clearly indicated how much jail credit Petitioner had received. Specifically, Petitioner's Legal Updates issued between May 9, 2003, and June 29, 2005, clearly indicated that Petitioner would not receive jail credit for the periods specified in Claims 1 and 2. Therefore, under 28 U.S.C. § 2244(d)(1)(D), at the latest

Petitioner had one year from his receipt of the June 29, 2005 Legal Update to file his federal

habeas petition raising Claims 1 and 2.[6] Petitioner did not so.  His May 16, 2008 petition

significantly post-dates the limitation period.  Petitioner does not demonstrate any basis for

tolling the statute of limitations.  Therefore, Claims 1 and 2 are barred by the statute of

limitations.

Establishing the date on which the factual predicate of Claim 3 could have been

discovered through the exercise of due diligence presents a more difficult task.  Claim 3

challenges VDOC's calculation of Petitioner's Earned Sentence Credits ("ESC") with respect to

his forgery sentence.[7]  On this record, it is not readily apparent when a petitioner, acting with due

---

[6] Arguably the limitation period commenced with Petitioner's receipt of the May 9, 2003 Legal Update.  Nevertheless, the subsequent corrections to Petitioner's forgery sentence may have confused Petitioner as to how VDOC intended to execute that sentence.  Therefore, it is appropriate to commence the limitation period after VDOC settled on how it intended to execute the forgery sentence.

[7] Although Petitioner uses the term good conduct credits, he apparently is referring to ESCs.  For offenses committed after January 1, 1995, Virginia inmates "may accrue earned sentence credits ("ESC") at a maximum rate of four and one-half sentence credits for each thirty days served.  *See* Va. Code § 53.1-202.3.  Each ESC results in a deduction of one day from a person's term of incarceration."  *Abdul-Hamid v. Angelone*, No. Civ.A. 00-846-AM, 2001 WL 34779301, at *1 (E.D. Va. March 9, 2001).  For misdemeanor offenses and offenses committed prior to January 1, 1995, inmates "are permitted to accrue good conduct allowance ("GCA") credits at a maximum rate of thirty days credit for each thirty days served."  *Id.* (*citing* Va. Code § 53.1-201(1)).  "GCA credits are applied one for one to reduce a person's maximum term of confinement . . . . GCA credit is, however, limited to the duration in which inmates are . . . confined in a Virginia Department of Corrections ("VDOC") facility."  *Id.* (*citing* Va. Code § 53.1-199).  Furthermore, "[f]or any period inmates are incarcerated in a local jail, they accrue good conduct credits at a rate of fifteen days for each thirty days served on parole eligible convictions, and thirty days for each thirty days served on parole ineligible convictions committed before January 1, 1995."  *Id.* (*citing* Va. Code § 53.1-116)).  Petitioner's misdemeanor sentence for impeding a police officer falls under the GCA system.  (Brown Aff. ¶ 13.)  Petitioner's remaining sentences, including the 1996 forgery sentence, are subject to the ESC system.  (Brown Aff. ¶ 13.)

diligence, could have discovered that he had not received the correct amount of good conduct credit. The Legal Updates that Petitioner received do not state how many ESCs or GCAs Petitioner had earned as of the date of the Legal Update. The Legal Updates merely project an anticipated good time release date, which appears to be a function of the total sentence, minus the term served, minus any ESCs or GCAs earned as of the date of the Legal Update, minus a projection of how many ESCs or GCAs an inmate may earn in the future, and minus an additional thirty days. Respondent fails to explain how Petitioner could have discovered any errors as to any amount of ESCs or GCAs due simply by examining the Legal Updates and the anticipated good time release dates reflected therein. Therefore, Respondent has failed to carry his burden of establishing that the statute of limitations bars Claim 3.

### C. Merits of Claim 3

Although Respondent asserts that Claim 3 should be dismissed because VDOC has correctly calculated Petitioner's sentence, no calculation or analysis specific to Petitioner's sentence undergirds this assertion. Rather, Respondent generally explains how Virginia's ESC and GCA systems function and then references the affidavit of Wendy K. Brown, the Manager of the Court and Legal Services Section of VDOC. Ms. Brown does not state how many ESCs or GCAs Petitioner earned during any particular period. She merely swears, "The jail earned sentence credits are automatically factored into an inmate's time computation. To the best of my knowledge and information, Taylor's time has been accurately computed in accordance with applicable Virginia statutes and time computation practices, and he has been credited with the appropriate amount of jail credit." (Brown Aff. ¶¶ 14, 15). Accordingly, Respondent's motion to dismiss Claim 3 will be DENIED.

7

Further briefing is necessary to address Claim 3. Accordingly, within thirty (30) days of the date of entry hereof, Respondent will be DIRECTED to submit a comprehensive brief detailing VDOC execution of Petitioner's sentences in accordance with the instructions below:

1.        Respondent shall set forth the total aggregate sentence Petitioner is required to serve before his release from VDOC. Respondent will then identify the individual sentences and their date of imposition.

2.        Thereafter, in separately numbered paragraphs, in chronological order, Respondent shall provide a complete accounting of the execution of Petitioner's sentence. Every alteration in the rate at which Petitioner earned ESCs or GCAs shall be set forth in a separately numbered paragraph. The first line of each paragraph must set forth the date involved and the amount of time Petitioner physically served towards his sentence during that period. The next sentence shall set forth the number of ESCs or GCAs, if any, that Petitioner earned during that period. Thereafter, Respondent shall explain, with reference to supporting documents and applicable statutes, why that award of ESCs or GCAs is appropriate.

The chronology shall conclude as of the date Petitioner executed his federal petition. Respondent also shall include a summary of the actual number of days Petitioner had physically served toward his total sentence and the ESCs or GCAs earned as of that date.

Within forty-five (45) days of the date of entry hereof, Petitioner shall file his response, if any, to the forthcoming brief from Respondent. To the extent that Petitioner challenges Respondent's chronological summary of the execution of his sentence, he must identify the specific numbered paragraph with which he disagrees and provide legal and evidentiary support for his contention that Respondent's calculation is incorrect. Each challenge must be set forth in a separate paragraph. Challenges which do not comport with the above instructions will not be considered.

8

Petitioner also has filed a motion to compel wherein he seeks an accounting of the ESCs or GCAs earned during various periods of his incarceration.  In light of the forthcoming brief from Respondent, Petitioner's motion to compel (Docket No. 18) will be DENIED as moot.

### IV.  Conclusion

Based on the foregoing reasons, the Motion to Dismiss (Docket No. 11) will be GRANTED in part, and DENIED in part.  Accordingly, Claims 1 and 2 of the Petition will be DISMISSED.  Petitioner's Motion to Compel (Docket No. 18) will be DENIED as moot.

An appropriate Order will issue.


_____/s/_____ MHL

M. Hannah Lauck
United States Magistrate Judge


Richmond, Virginia
Date:  3/6/09

9