IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CURTIS LEON TAYLOR, SR.,

    Petitioner,

v.                                              Civil Action No. 3:08cv306

GEORGE M. HINKLE,

    Respondent.

## MEMORANDUM OPINION

Petitioner, Curtis Leon Taylor, a Virginia state inmate proceeding *pro se*, brings this habeas petition pursuant to 28 U.S.C. § 2254. The Court has jurisdiction pursuant to 28 U.S.C. §§ 636(c) and 2254.

Taylor contends that Respondent has not accurately calculated his sentence. Respondent filed a motion to dismiss and *Roseboro*[1] notice. In a March 6, 2009 Memorandum Opinion and Order, the Court granted Respondent's motion to dismiss with respect to two claims,[2] but denied the motion without prejudice as to the third claim. (Docket Nos. 20, 21.) The Court directed Respondent to furnish additional briefing to address the third claim. Respondent filed a supplemental brief providing a detailed account of the Virginia Department of Corrections's ("VDOC's") calculation of Taylor's sentence (Docket No. 26), to which Petitioner responded by

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[2] The Court dismissed the following claims as barred by the statute of limitations:

| | |
|---|---|
| Claim 1 | Respondent denied Petitioner 319 days of jail credits owed from June 1, 2001, to April 14, 2002, in violation of section 53.1-187 of the Code of Virginia. (Pet. 6.) |
| Claim 2 | Respondent denied Petitioner 127 days of jail credits owed from June 26, 1996, to October 29, 1996. (Pet. 7.) |

filing a Motion to Reconsider the Court's dismissal of Claims 1 and 2 (Docket No. 27).[3] On April 29, 2009, the Court directed Respondent to provide certified copies of the regulations or procedures prescribing the rate at which Petitioner earned good time credits for time spent in jail, because Respondent had not been sufficiently transparent about the basis for VDOC's good time credit earning rates used in calculating Taylor's sentence. (Docket No. 30.) The Court further advised the parties that it was converting Respondent's motion to dismiss to a motion for summary judgment. (Docket No. 30.) Respondent provided the requested VDOC Operating Procedure. (Docket No. 34 (DOP 830.3, effective Feb. 1, 2007).)

## I. Issue Presented

Taylor's third claim states that Respondent denied Taylor 18 months of good conduct credits:

> On 4/15/03 Petitioner was brought into the VDOC to serve the remaining balance of his 10 year sentence. The Court deemed the sentence to be 9 years 10 months. I've not received 18 months good conduct credits in violation of 53.1-202.1 of the Code of VA.

---

[3] In response to Respondent's motion for summary judgment and Response to Order, Taylor filed a Consolidated Response to Defendant's Motion for Summary Judgment (Docket No. 33) and Supplemental Consolidated Response (Docket No. 36). These filings allege that "Respondent has failed or refuses to apply additional 489 days jail credits in violation of 53.1-187 of the Code of Virginia." (Petr.'s Consol. Resp. to Def.'s Mot. Summ. J. ¶ 7.)

The Court dismissed Taylor's claim regarding jail credit under § 53.1-187 in its March 6, 2009 Memorandum Opinion and Order (Docket Nos. 20, 21), and again in dismissing his Motion to Reconsider on June 23, 2009. (Docket No. 37.) On June 15, 2009, Taylor filed a Motion for Summary Judgment again raising the § 53.1-187 claim. (Docket No. 38.) Petitioner's filings do not indicate how his claim as to 489 days of jail credit differs from Claims One and Two, which alleged deprivation of 319 and 127 days of jail credit, respectively. He offers no additional facts whatsoever. Regardless of the number of days of jail credit involved, any such claim remains barred by the statute of limitations, and for the same reasons detailed in this Court's March 6, 2009 Memorandum Opinion and June 23, 2009 Memorandum Order, Taylor's Motion for Summary Judgment will be DENIED.

2

(Pet. 9.) Although Taylor consistently claims credit is due, Taylor's initial filings provided no straightforward explanation as to why he thinks he is entitled to an additional 18 months good conduct credits toward his sentence. The Court accordingly directed Taylor to provide a detailed explanation regarding the 18 months of good conduct credit on his 9 year, 10 month sentence to which he claimed entitlement. *See infra* n.10. Taylor did not do so. Instead, Taylor consistently cites numbers of days he should be credited toward a total sentence without giving the Court any factual or legal basis as to why his calculation is correct. *See, e.g.*, Petr.'s Supp'l Consol. Resp. to Def's Mot. Summ. J. ¶ 1 (Docket No. 36) (arguing that "the correct numerical sentence . . . shall deduct all time spent in custody" without explaining how that amounts to a 7-year, 8-month sentence).

In contrast to Taylor, Respondent provided a detailed chronology of VDOC's calculation of his sentence, discussed below, the details of which Taylor has never specifically challenged. The Court's review of VDOC's calculation of Taylor's sentence indicates that Taylor's good conduct credits have been duly credited, and Taylor has put forth no evidence supporting his claim that he has been denied 18 months good conduct credits.

## II. Procedural History

Currently at issue is Taylor's claim that VDOC has not been properly applying Earned Sentence Credits ("ESC") in its calculation of Taylor's sentence since he became a VDOC inmate. The following procedural history of Taylor's convictions, incarceration, and sentencing calculations, though complicated, does not give rise to the relief Taylor seeks in Claim Three.

In 2002, the Circuit Court for the City of Danville convicted Taylor of unlawful wounding, felonious escape, and impeding a police officer. (Respt.'s Mem. Supp. Mot. Dismiss

("Respt.'s Mem.") Ex. III ("Brown Aff.") ¶ 6 & Enc. A.) On August 13, 20002, the Circuit Court sentenced Taylor to a total sentence of 6 years, 12 months, suspending all but 15 months. (Brown Aff. ¶ 6.)

On January 23, 2003, the Circuit Court revoked a previously suspended sentence for forgery from 1996 and sentenced Taylor to 10 years of imprisonment (hereinafter the "forgery sentence").[4] (Brown Aff. ¶ 7.) VDOC later corrected this sentence twice, under circumstances the Court describes below.

On April 15, 2003, Taylor entered the custody of VDOC. (Brown Aff. ¶ 8.) On May 9, 2003, VDOC issued and Taylor received a Legal Update,[5] which showed: Taylor had a total sentence of 10 years and 15 months; Taylor was entitled to 369 days of jail credit between December 19, 1996, and his entry into VDOC custody on April 15, 2003; and Taylor had an anticipated good time release date of December 14, 2011. (Respt.'s Mem. Ex. II.) A Legal Update dated July 12, 2004, indicated the same total sentence, jail credit days, and anticipated good time release date as the May 9, 2003 Legal Update.

On December 27, 2004, VDOC received a corrected court order from the Circuit Court with respect to Taylor's forgery sentence. Taylor's February 3, 2005 Legal Update reflects that

---

[4] On October 29, 1996, for Taylor's conviction of forgery, the Circuit Court sentenced Taylor to 10 years, with 10 years suspended and credit for time served awaiting trial, contingent upon Taylor's good behavior for 20 years following his release from probation. (Petr.'s Resp. to Respt.'s Mot. Dismiss Ex. B (*Commonwealth v. Taylor*, File 96-836-838, Oct. 29, 1996 Sentencing Order at 2 (Danville Cir. Ct. Oct. 29, 1996).)

[5] Taylor does not dispute that he received the Legal Updates on or about the date the Legal Updates were issued. The Legal Updates in the record were provided as Exhibit II to Respondent's Memorandum in Support of Respondent's Rule 5 Answer and Motion to Dismiss (Docket No. 12).

the proper sentence for his forgery conviction was "the remaining balance of his 10 year sentence," and thus three days were deleted from his total sentence, which reflected time spent in jail in 1996. Accordingly, whereas his July 12, 2004 Legal Update showed a total sentence of 10 years, 15 months, and zero days, with 369 jail credit days, the February 3, 2005 Legal Update showed a total sentence of 9 years, 15 months, and 362 days, with 366 jail credit days.[6]

On March 1, 2005, VDOC issued another Legal Update, noting that the change initially communicated to Taylor in the February 3, 2005 Legal Update should have stated his sentence on the forgery conviction as 9 years and 10 months rather than 9 years and 362 days.[7] The March 1,

---

[6] This appears to be a technical difference that did not change the total amount of time served. Because the corrected sentencing order referenced in the February 3, 2005 Legal Update is not part of the record in this case, the Court is unable to ascertain precisely the nature of the corrections.

[7] Taylor does not dispute that the correct length of the forgery sentence is 9 years, 10 months. (Petr.'s Resp. to Respt.'s Mot. Dismiss 4.) (Docket No. 15.) Still, the Court presents a brief summary of the implementation of this sentence because it was corrected twice, making the record appear confusing. Paragraph 7 of the Brown Affidavit states that the Circuit Court sentenced Taylor to ten years on the forgery charge on January 23, 2003, but VDOC's Court and Legal Services Section ("Court and Legal") "subsequently received a corrected order for Taylor's Forgery sentence sentencing him to 9 years and 10 months." (Brown Aff. ¶ 7.) The Legal Updates indicate that the reduction of the forgery sentence occurred as a result of a corrected order, and that this corrected order was implemented over the course of two adjustments by Court and Legal.
  The February 3, 2005 Legal Update shows that Court and Legal received a corrected order that the sentence on the forgery charge was "the remaining balance of his 10 year sentence." In response to that corrected order, entered into the system on December 27, 2004, VDOC deleted three days of jail credit for the period December 19, 1996, to December 22, 1996, and subtracted those three days from his total sentence, resulting in a total sentence on the forgery charge of 9 years, 362 days.
  The March 1, 2005 Legal Update is the first update showing a sentence of 9 years, 10 months on the forgery charge and involves the second corrected order. That update includes a notation that, as of February 25, 2005, VDOC discovered that the forgery charge it had just corrected to 9 years, 362 days in the previous Legal Update "should have been 9yrs. 10mos. This update corrects and reflects." Thus, the March 1, 2005 Legal Update appears to be giving effect to the corrected order received from the Circuit Court, incorrectly applied on February 3, 2005.

2005 Legal Update stated Taylor's total sentence as 9 years, 25 months, and zero days, with 366 days of jail credit. (Respt.'s Mem. Ex. II.) VDOC issued additional Legal Updates to Taylor on June 29, 2005, and January 9, 2007. (Respt.'s Mem. Ex. II.) Both the June 29, 2005 and January 9, 2007 Legal Updates reflected Taylor's total sentence as 9 years and 25 months, and that Taylor was entitled to 366 days of jail credit. The remaining two Legal Updates in the record maintain the 9 year, 25 month total sentence. The most recent Legal Update in the record, dated January 9, 2007, shows a good time release date of December 12, 2011.

On March 27, 2008, Taylor filed a Petition for Writ of Mandamus in the Supreme Court of Virginia wherein he asserted that his sentence had not been properly calculated. (Respt.'s Mem. Ex. I.) On April 28, 2008, the Supreme Court of Virginia dismissed the petition on the grounds that it was untimely.

### III. Summary Judgment Standard

The Court, pursuant to Fed. R. Civ. P. 12(d), converted Respondent's motion to dismiss into a motion for summary judgment when it became apparent that the merits of Claim 3 required additional evidentiary support. The Court advised Petitioner of the necessity of filing a response and providing competent evidence in opposition to Respondent's motion for summary judgment. (April 29, 2009 Order.) (Docket No. 30.)

Summary judgment under Federal Rule of Civil Procedure 56 is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Once a party has properly filed

6

evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. *Celotex,* 477 U.S. at 322-24. These facts must be presented in the form of exhibits and sworn affidavits. Fed. R. Civ. P. 56(c).

A court views the evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Anderson,* 477 U.S. at 255. Whether an inference is reasonable must be considered in conjunction with competing inferences to the contrary. *Sylvia Dev. Corp. v. Calvert County,* 48 F.3d 810, 818 (4th Cir. 1995). Nonetheless, the nonmoving party is entitled to have "'the credibility of his evidence as forecast assumed.'" *Miller v. Leathers,* 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc) (*quoting Charbonnages de France v. Smith,* 597 F.2d 406, 414 (4th Cir. 1979)). However, the nonmoving party may not rest upon mere allegations or denials. *Anderson,* 477 U.S. at 248.

### IV. Analysis

For offenses committed after January 1, 1995, Virginia inmates "may accrue earned sentence credits ("ESC") at a maximum rate of four and one-half sentence credits for each thirty days served. *See* Va. Code § 53.1-202.3. Each ESC results in a deduction of one day from a person's term of incarceration." *Abdul-Hamid v. Angelone,* No. Civ.A. 00-846-AM, 2001 WL 34779301, at *1 (E.D. Va. March 9, 2001). For any period inmates are incarcerated in a local jail, prior to classification as a VDOC inmate, they accrue ESC at the rate of 2.25 days credit for every 30 days served. *Newman v. Johnson,* No. 2:06cv604, 2007 WL 1830672, at *4 (E.D. Va. June 22, 2007).

For misdemeanor offenses and offenses committed prior to January 1, 1995, inmates "are permitted to accrue good conduct allowance ("GCA") credits at a maximum rate of thirty days credit for each thirty days served." *Abdul-Hamid*, 2001 WL 34779301, at *1 (*citing* Va. Code § 53.1-201(1)). "GCA credits are applied one for one to reduce a person's maximum term of confinement.... GCA credit is, however, limited to the duration in which inmates are ... confined in a Virginia Department of Corrections ("VDOC") facility." *Id.* (*citing* Va. Code § 53.1-199). Furthermore, "[f]or any period inmates are incarcerated in a local jail, they accrue good conduct credits at a rate of fifteen days for each thirty days served on parole eligible convictions, and thirty days for each thirty days served on parole ineligible convictions committed before January 1, 1995." *Id.* (*citing* Va. Code § 53.1-116)).

In support of its motion for summary judgment, Respondent provided this Court with a detailed chronological accounting of the execution of Taylor's sentence. (Respt.'s Supp'l Br. Supp. Rule 5 Answer & Mot. Dismiss ("Respt.'s Supp'l Br.") & Ex. 1, Supp'l Brown Aff.) (Docket No. 26.) The chronology includes calculations up to the time of the filing of Taylor's federal petition and beyond, given assumptions of what level of ESC and GCA Taylor will earn in the future. The VDOC used these assumptions in calculating Taylor's anticipated release date, reflected in the Legal Updates as "Good Time Release."

The Court's review of the record, including Respondent's chronology, the VDOC Operating Procedure for Good Time Awards (DOP 830.3, effective Feb. 1, 2007) (Respt.'s Response to Order Ex. 1), and Taylor's filings, indicates that VDOC accurately calculated Taylor's Good Time release date. VDOC's calculation of Taylor's sentence, as proffered in the Supplemental Brown Affidavit, is presented below. Taking into account the necessary

mathematical formulas in order to ascertain whether VDOC properly applied ESC and GCA credits toward Taylor's sentences, the record establishes a satisfactory calculation.

1. <u>April 14, 2002, to March 20, 2003</u>: Taylor served 340 days in jail toward his 12 month unlawful wounding sentence. He received 2.25 days of ESC for every 30 days served pursuant to the Earned Sentence Credit program, Virginia Code §§ 53.1-202.2 to -202.4, and DOP 830.3(IV)(B)(1) ("Unclassified offenders (before their [Date Received into Corrections] for new intakes and before the revocation date for parole violators) shall be awarded good time at the rate of . . . 2.25 days for each 30 days served on sentences under ESC.").[8] For the 340 days served, Taylor received ((340/30) *2.25) 25.5 days ESC for a total of 365.5 days of credit, satisfying his 12 month unlawful wounding sentence. (Supp'l Brown Aff. ¶ 8.)

2. <u>March 20, 2003, to April 15, 2003</u>: Taylor served 26 days in jail toward his 9 year and 10 month forgery sentence. He received 2.25 days of ESC for every 30 days. From this period, Taylor received ((26/30) *2.25) 1.95 days ESC for a total credit of 27.95 days toward his sentence. (Supp'l Brown Aff. ¶ 9.)

3. On April 15, 2003, the VDOC received Taylor into custody as a state inmate and assigned him VDOC prisoner number 319395.

---

[8] *See also* Second Supp'l Brown Aff. ¶ 6 ("The VDOC had to determine how it would award credit to an inmate in jail serving his sentence under the ESC system. The VDOC therefore implemented a practice of awarding 2.25 days of credit for every 30 days served for inmates in jail under the ESC system. The 2.25 days are derived from dividing 4.5 days [the maximum ESC earning rate] by two and is patterned after the 15 days of good conduct credit for every 30 days served in jail under the GCA system."); *id.* ¶ 8 ("[T]he VDOC credits jail inmates who have not yet been assigned their VDOC prisoner number with 2.25 days of ESC credit for every 30 days served. The VDOC has consistently and uniformly applied this formula to calculate the ESC credit for jail inmates who have not yet assigned [sic] their VDOC prisoner number since January 1, 1995. . . . On February 1, 2007, the practice was formalized in Operating Procedure 830.3, Section IV B.1.")

4. <u>April 15, 2003, to April 15, 2005</u>: Taylor served 731 days in a VDOC facility toward his 9 year and 10 month forgery sentence. The VDOC classified Taylor at ESC Level 1, in which he earned 4.5 days of ESC for every 30 days served. From this period, Taylor earned ((731/30)*4.5) 109.65 days ESC for a total credit of 840.65 days toward his sentence. (Supp'l Brown Aff. ¶ 11.)

5. <u>April 15, 2005, to April 15, 2006</u>: Taylor served 365 days in a VDOC facility toward his 9 year 10 month forgery sentence. During this period, the VDOC classified Taylor at ESC Level 4 where he earned no ESC credits. Therefore, Taylor earned 365 days of credit toward his forgery sentence. (Supp'l Brown Aff. ¶ 12.)

6. <u>April 15, 2006, to May 21, 2008</u> (date Taylor filed federal petition): Taylor served 767 days in a VDOC facility toward his 9 year 10 month forgery sentence. During this period, the VDOC classified Taylor at ESC Level 1 where he again earned 4.5 days of ESC for every 30 days served. From this period, Taylor earned ((767/30)*4.5) 115.05 days ESC for a total credit of 882.05 days toward his sentence. (Supp'l Brown Aff. ¶ 13.)

7. <u>May 21, 2008, to March 25, 2009</u>: Taylor served 309 days in a VDOC facility toward his 9 year 10 month forgery sentence. During this period, Taylor remained classified at ESC Level 1 and earned the maximum 4.5 days of ESC for every 30 days served. Accordingly, Taylor earned ((309/30) * 4.5) 46.35 days ESC for a total credit of 355.35 days toward his sentence. (Supp'l Brown Aff. ¶ 14.)

8. <u>March 25, 2009, to November 26, 2011</u>: The VDOC projects that Taylor will satisfy the remainder of his forgery sentence if he serves an additional 975 days earning the maximum level of ESC at Level 1. Provided Taylor remains at Level 1, he will earn ((975/30) * 4.5) 146.25 days of ESC for this time period for a total credit of 1,121.25 days, satisfying the remaining time for his felony forgery sentence.[9] (Supp'l Brown Aff. ¶ 15.)

9. <u>November 26, 2011, to January 11, 2012</u>: On November 26, Taylor would begin to serve his three-month sentence for Impeding a Police Officer. Because this is a misdemeanor offense, Taylor is eligible to receive 1 day of GCA for every day served. *See* DOP 830.3(III) ("Misdemeanor convictions committed on or after July 1, 1981, will continue to be calculated under the GCA system."); *id.* at (VII)(C). Therefore, Taylor could complete his sentence by physically serving 46 days, concluding January 11, 2012. (Supp'l Brown Aff. ¶ 16.)

10. Pursuant to Virginia Code § 53.1-28, the Director may release any prisoner on any day within 30 days prior to the date on which such sentence would normally expire. Taylor's Legal Update lists December 12, 2011, thirty days prior to January 11, 2012, as his Good Time Release date. (Supp'l Brown Aff. ¶ 17.)

The record satisfactorily establishes that Taylor's credits under the ESC and GCA schemes have been correctly calculated and duly credited. This suggests that summary judgment for the Defendant should be granted.

---

[9] VDOC's calculations of time served and ESC days result in a total of 3,591.25 days to satisfy Taylor's 9-year, 10-month forgery sentence. Taylor began serving this sentence on March 20, 2003. Nine years and ten months from that date is January 20, 2013. The duration between the two dates is 3,594 days. Thus, to the extent any discrepancy exists, it favors Taylor.

11

Indeed, Taylor's failure to present the Court with discernable facts suggesting where any calculation went awry prevents this Court from finding otherwise. The Court afforded ample opportunity to allow Taylor to clarify the nature of his claims.[10] Taylor's filings all failed to comport with the Court's specific directions to Taylor regarding the content and structure of his challenge to Respondent's chronological summary of the execution of his sentence. Taylor offers no facts or evidence raising a genuine issue of material fact as to VDOC's calculation of his sentence and good conduct credits. While Taylor makes factual allegations about claims already dismissed, his responses to the motion for summary judgment insufficiently address the only claim currently at issue, Claim 3, which alleges that he was denied eighteen months of good conduct credits since entering VDOC custody on April 15, 2003. The Court therefore will GRANT summary judgment in favor of Respondent on Claim 3.

---

[10] The Court specified:

> To the extent that Petitioner challenges Respondent's chronological summary of the execution of his sentence, he must identify the specific numbered paragraph with which he disagrees and provide legal and evidentiary support for his contention that Respondent's calculation is incorrect. Each challenge must be set forth in a separate paragraph. Challenges which do not comport with the above instructions will not be considered.

(Mar. 6, 2009 Mem. Op. 8.) (Docket No. 20.)

## V. Conclusion

Based on the foregoing reasons, Claim 3 of the Petition will be DISMISSED. Taylor's "Demand for Jail Credits Pursuant to Va. Code § 53.1-187" will be DENIED AS MOOT. (Docket No. 19.) Taylor's Motion for Summary Judgment (Docket No. 38) will be DENIED. An appropriate Order will issue.

                                        /s/
                          M. Hannah Lauck
                          United States Magistrate Judge

Richmond, Virginia
Date: 8-5-09