UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CURTIS LEON TAYLOR, SR.,

    Petitioner,

v.                                                                          Case No. 3:08cv306

GEORGE M. HINKLE,

    Respondent.

## MEMORANDUM OPINION

Petitioner Curtis Leon Taylor, Sr., a Virginia prisoner proceeding *pro se*, brought a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254, alleging miscalculation of his sentence. (Docket No. 1). On August 5, 2009, the Court dismissed the Petition because Respondent correctly calculated Taylor's sentence. (Docket Nos. 40, 41.)

Before the Court is Taylor's Motion for Reconsideration. (Docket No. 43.) The Court shall construe Taylor's Motion for Reconsideration as a motion to alter or amend the judgment under Rule 59(e)[1] because he filed this motion on August 11, 2009, less than ten days after the entry of this Court's August 5, 2009 Memorandum Opinion and Final Order. *See Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978) (stating that "if a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled"); *see also MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 277-78 (4th Cir. 2008) (noting that

---

[1] "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The rule has since been amended to allow 28 days to file such a motion.

the United States Court of Appeals for the Fourth Circuit continues to apply *Dove* despite changes to the Federal Rule of Appellate Procedure 4 regarding the tolling of time for appeal upon filing a motion for relief under Rule 60). For the reasons that follow, the Court will DENY Taylor's Motion for Reconsideration. (Docket No. 43.)

## I. Rule 59(e) Standard

"'[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (*quoting* Wright et al., *Federal Practice and Procedure* § 2810.1, at 124 (2nd ed. 1995)). Rule 59(e) itself provides no standard by which a district court may grant a motion to alter or amend a judgment, but "courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Such motions may not be used, however, "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. Moreover, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion." *Wadley v. Park at Landmark, LP*, No. 1:06cv777, 2007 WL 1071960, at *2 (E.D. Va. Mar. 30, 2007). Indeed, Rule 59(e) does not "give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) (stating that plaintiff's brief in support of his motion to alter or amend the judgment was "no more than an expression of a view of the

law contrary to that set forth in the Court's opinion," and thus the court had no proper basis to alter or amend its previous order).

## II. Taylor's Motion for Reconsideration

Taylor's Motion for Reconsideration fails to meet the Rule 59(e) standard. Taylor does not assert an intervening change in law, the discovery of new evidence not previously available at trial, nor a clear error of law or manifest injustice. *See Hutchinson*, 994 F.2d at 1081. Instead, Taylor argues, as he did in his previous filings, that the Virginia Department of Corrections ("VDOC") incorrectly computed his sentence.

Specifically, Taylor asserts that, contrary to the Court's finding in its August 5, 2009 Memorandum Opinion, he contested the calculation of his total sentence in paragraph F of his Response to Respondent's Motion to Dismiss ("Response") (Docket No. 15), and that the remaining balance of his sentence "should reflect 8 years, 10 months after deduction of 365 days jail credits from my total sentence." (Pet'r's Mot. for Reconsideration 1.) Taylor further argues that, contrary to the Court's finding, he "offered a chronological view of [Earned Sentence Credits] earned and days physically served . . . in response to Respondent's Motion to Dismiss." (Pet'r's Mot. for Reconsideration 2.) Finally, Taylor asserts that the proper calculation of his sentence results in 8 years, 10 months of incarceration. (Pet'r's Mot. for Reconsideration 2.)

Taylor's Motion for Reconsideration seeks to cover the very same issues thoroughly briefed in previous filings and considered by this Court in reaching the conclusion that the VDOC properly calculated Taylor's sentence. First, contrary to Taylor's assertion that he contested the length of the forgery sentence in his Response to Respondent's Motion to Dismiss, Taylor's Response contains no paragraph F. Moreover, elsewhere in his pleadings, Taylor

3

acknowledges that "[t]he actual sentence imposed [for the forgery conviction] was 9 years 10 months." (*See* Pet'r's Br. in Supp. of Habeas Corpus Question(s) Presented 2 (Docket No. 17); Pet'r's Mot. for Reconsideration 1 (Docket No. 27).) Second, in its August 5, 2009 decision, the Court found that, despite ordering "Taylor to provide a detailed explanation regarding the 18 months of good conduct credit on his 9 year, 10 month sentence to which he claimed entitlement," Taylor failed to provide any such explanation. (Mem. Op. 3.) Respondent, however, "provided . . . a detailed chronological accounting of the execution of Taylor's sentence." (Mem. Op. 8.) Thus, the Court had sufficient evidence before it to determine that the VDOC properly calculated Taylor's sentence. (Mem. Op. 11 ("The record satisfactorily establishes that Taylor's credits under the ESC [Earned Sentence Credits] and GCA [Good Conduct Allowance] schemes have been correctly calculated and duly credited.").)

Taylor simply disagrees with this Court's August 5, 2009 Order. His Motion for Reconsideration constitutes no more than an attempt "to rehash the arguments previously considered and rejected by this Court." *Wadley*, 2007 WL 1071960, at *2. Because Taylor offers no intervening change in law, newly discovered evidence, or clear error of law pursuant to which Rule 59(e) might afford him relief, and he instead merely expresses his displeasure with this Court's previous ruling, the Court has no proper basis to alter or amend the judgment previously entered. *See Durkin*, 444 F. Supp. at 889 ("Since the plaintiff has brought up nothing new except his displeasure this Court has no proper basis upon which to alter or amend the order previously entered."). Therefore, Taylor's Motion for Reconsideration shall be DISMISSED.

## III. Conclusion

Taylor has alleged no circumstances warranting relief under Rule 59(e). Accordingly, Taylor's Motion for Reconsideration (Docket No. 43) will be DENIED.

An appropriate Order shall issue.

/s/ 
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 1-11-10