IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CURTIS LEON TAYLOR, SR.,

    Petitioner,

v.                                                         Civil Action No. 3:08cv306

GEORGE M. HINKLE,

    Respondent.

## MEMORANDUM OPINION

Petitioner, Curtis Leon Taylor, a Virginia state inmate proceeding *pro se*, filed this habeas petition pursuant to 28 U.S.C. § 2254. Before the Court are Taylor's "MOTION TO COMPEL" and "MOTION TO SET-ASIDE/VACATE AND/OR VOID SENTENCE." These motions are the latest in a long series of motions for reconsideration from Taylor. Also before the Court is Taylor's request to proceed *in forma pauperis* on appeal to the United States Court of Appeals for the Fourth Circuit. For the reasons that follow, the Court will deny Taylor's "MOTION TO COMPEL," "MOTION TO SET-ASIDE/VACATE AND/OR VOID SENTENCE," and his request to proceed *in forma pauperis* on appeal.

### I. Procedural History

In his § 2254 Petition, Taylor alleged miscalculation of his sentence and raised three claims for relief. (Docket No. 1). Claim One alleged that Respondent denied Taylor 319 days of jail credits owed from June 1, 2001 to April 14, 2002; Claim Two alleged that Respondent denied Taylor 127 days of jail credits owed from June 26, 1996 to October 29, 1996; and Claim Three alleged that Respondent denied Taylor 18 months of good conduct credits. *Taylor v. Hinkle*, No. 3:08cv306, 2009 WL 604344, at *2 (E.D. Va. Mar. 6, 2009) ("*Taylor I*").

By Memorandum Opinion and Order entered March 6, 2009, the Court dismissed Claims One and Two. *Taylor I*, 2009 WL 604344, at *5. Taylor filed a Motion for Reconsideration (Docket No. 22), and a Notice of Appeal (Docket No. 23) of this Court's decision in *Taylor I*. On June 23, 2009, the Court denied Taylor's Motion for Reconsideration of its decision in *Taylor I*. (Docket No. 37.)

By Memorandum Opinion and Order entered August 6, 2009, the Court dismissed Claim Three and denied Taylor's § 2254 Petition. *Taylor v. Hinkle*, No. 3:08cv306, 2009 WL 2424087, at *6 (E.D. Va. Aug. 6, 2009) ("*Taylor II*"). Taylor filed a Motion for Reconsideration of the Court's *Taylor II* decision. (Docket No. 43.) By Memorandum Opinion and Order entered January 11, 2010, the Court denied Taylor's Motion for Reconsideration of *Taylor II*. *Taylor v. Hinkle*, No. 3:08cv306, 2010 WL 114379, at *1 (E.D. Va. Jan. 11, 2010).

On January 15, 2010, the Court received a letter request from Taylor asking the Court to reconsider its January 11, 2010 decision. (Docket No. 48.) On February 3, 2010, the Court denied the letter request. (Docket No. 49.) The Court warned Taylor that he was subject to the requirements of Rule 5 of the Federal Rules of Civil Procedure, and that he must serve a copy on all parties of every pleading, written motion, and similar paper. (Feb. 3, 2010 Order 1.) In addition, the Court informed Taylor that "[n]o document submitted by Taylor will be considered without an attached certificate stating that Taylor has mailed copies of the document to counsel for Respondent." (Feb. 3, 2010 Order 1.)

On February 12, 2010 Taylor filed Petitioner's Objection to Magistrate Lauck's February 3, 2010 Order (Docket No. 50), which the Court construed as a motion to alter or amend the

2

Court's judgment under Federal Rule of Civil Procedure 59(e).[1] On March 31, 2010, the Court denied Taylor's motion to alter or amend pursuant to Rule 59(e). (Docket No. 51.)

On April 28, 2010, Taylor filed a Notice of Appeal. (Docket No. 52.) The United States Court of Appeals for the Fourth Circuit consolidated Taylor's appeals of *Taylor I* and *Taylor II* (Docket No. 54), and on July 9, 2010, the Fourth Circuit dismissed Taylor's appeals (Docket Nos. 55, 56). Taylor petitioned the Fourth Circuit for rehearing en banc, which the Fourth Circuit denied. (Docket No. 59.)

On July 26, 2010, the Court received a "MOTION TO VACATE SENTENCE" from Taylor. The Court construed the motion as motion for relief under Federal Rule of Civil Procedure 60(b).[2] By Memorandum Order entered on August 27, 2010, the Court denied the motion because Taylor failed to attach a certificate of service to the motion as required by the

---

[1] Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

[2] Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Order entered on February 3, 2010. The Court warned Taylor that it "will not consider any future motion for reconsideration unless such motion identifies with specificity the subsection of Rule 60(b) under which Taylor claims entitlement to relief." (Aug. 27, 2010 Mem. Order, at 5.) The Court further admonished Taylor that any motion must be accompanied by an appropriate brief as required by the Rule 7 of the Local Civil Rules for the U.S. District Court for the Eastern District of Virginia. The Court warned Taylor that any future motion that fails to comply with the requirements of the August 27, 2010 Memorandum Order would be summarily denied. On September 13, 2010, the Court received a notice of appeal from Taylor with respect to the August 27, 2010 Memorandum Order.

## II. Present Motions and Analysis

### A. MOTION TO COMPEL

On October 4, 2010, the Court received a "MOTION TO COMPEL" from Taylor. The motion is not accompanied by a brief and fails to identify the rule or statute that authorizes the Court to take any action at this juncture. The "MOTION TO COMPEL" (Docket No. 64) will be DENIED because it does not comply with the requirements of the August 27, 2010 Memorandum Order.

### B. MOTION TO SET-ASIDE/VACATE AND/OR VOID SENTENCE

On October 20, 2010, the Court received from Taylor a "MOTION TO SET-ASIDE/VACATE AND/OR VOID SENTENCE." The "MOTION TO SET-ASIDE/VACATE AND/OR VOID SENTENCE" was accompanied by a "MEMORANDUM IN SUPPORT." In these submissions, Taylor once again challenges the Court's disposition of his claims for habeas relief. Nevertheless, contrary to the Court's prior admonition, Taylor fails to identify "with

4

specificity the subsection of Rule 60(b) under which Taylor claims entitlement to relief." (Aug. 27, 2010 Mem. Order, at 5.) Indeed, Taylor does not identify any rule or statute that would authorize relief in this action at this juncture. Accordingly, the "MOTION TO SET-ASIDE/VACATE AND/OR VOID SENTENCE" (Docket No. 66) will be DENIED.

### C. Request to Proceed *In Forma Pauperis* and Certificate of Appealability

On September 13, 2010, the Court received a notice of appeal from Taylor with respect to the August 27, 2010 Memorandum Order. Taylor also has requested leave to proceed *in forma pauperis* in conjunction with that appeal. For the reasons set forth in the Court's prior decisions, the Court certifies that the appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Accordingly, Taylor's request to proceed *in forma pauperis* on appeal (Docket No. 65) will be DENIED. The Court hereby provides Taylor notice that, pursuant to Federal Rule of Appellate Procedure 24(a)(5), he may file a motion to proceed on appeal *in forma pauperis* in the United States Court of Appeals for the Fourth Circuit within thirty (30) days of entry hereof. Failure to timely file such a motion may result in the loss of the right to file such a motion. The motion must include a copy of this Memorandum Opinion and Order.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

No law or evidence suggests that Taylor is entitled to further consideration with respect to decisions entered by the Court. A certificate of appealability will be DENIED.

An appropriate Order will issue.

/s/ M.H.L.
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 1-18-11